Matthew R. Lewis (#7919)
R. Jeremy Adamson (#12818)
Megan J. Nelson (#15691)
**KUNZLER BEAN & ADAMSON, PC**
50 W. Broadway, 10th Floor
Salt Lake City, Utah 84101
Telephone:  801-994-4646
mlewis@kba.law
jadamson@kba.law
mnelson@kba.law

*Attorneys for Defendants Grand America Hotels*
*& Resorts, Inc. and Sinclair Services Company*

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JANN DESCANZO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GRAND AMERICA HOTELS & RESORTS, INC., et al.,<br><br>Defendants. | **DEFENDANTS'**<br>**REPLY IN SUPPORT OF THEIR**<br>**MOTION TO DISMISS**<br>**CLAIMS I AND II OF PLAINTIFFS'**<br>**FIRST AMENDED COMPLAINT**<br><br><br>Case No. 2:19-CV-00443-DB<br><br>Judge Dee Benson |

Defendants Grand America Hotels & Resorts, Inc. ("Grand America"), and Sinclair

Services Company ("Sinclair") (collectively, "Defendants") hereby submit this *Reply in Support*

*of Their Motion to Dismiss* requesting that the Court dismiss Claims I and II of Plaintiffs' First

Amended Complaint ("FAC") for failing to state a claim upon which relief may be granted.

### INTRODUCTION

This case arises from an alleged failure to reimburse Plaintiffs—J-1 visa holders—for

travel, visa, and recruiting costs allegedly incurred by Plaintiffs.  The crux of Plaintiffs' claims

for FLSA and RICO, which are the subject of Defendants' Motion to Dismiss, is that (1) Defendants violated FLSA by failing to reimburse Plaintiffs for travel, recruiting, and visa costs; and (2) Defendants formed an enterprise and engaged in schemes of misclassifying workers as J-1 workers instead of H-2B workers so they could avoid paying travel, recruiting, and visa costs that were allegedly reimbursable under FLSA.

Plaintiffs' Opposition to Defendant's Motion to Dismiss takes the position that the FLSA claim should be sustained because Plaintiffs have adequately alleged facts to support reimbursement of Plaintiffs' alleged travel, recruiting, and visa costs under the FLSA, and that the RICO claim is not preempted because it exists "independent" of the FLSA claim.  These arguments are unavailing.  No matter what "facts" that Plaintiffs have (or could) allege, the FLSA Claim fails as a matter of law because there is no regulatory basis for requiring employers of J-1 workers to reimburse those workers for travel, recruiting, and visa costs.  Even if there were such a plausible basis for reimbursement under FLSA (which there is not), the RICO claim also fails because it would not exist "but for" the FLSA claim.

Moreover, Plaintiffs do not even attempt to dispute that they have omitted vital facts from their complaint in an attempt to create a distorted picture of the role of an employer in the J-1 program or that the fees they seek to recover are independently negotiated between participants and their sponsors, which entities collect and retain any fees paid by participants.  Plaintiffs also do not dispute that a finding by this Court that a J-1 participant is able to seek the payment of travel costs and expenses from an employer by merely alleging that the employer violated a participant's Training/Internship Training Plan would open the floodgates of litigation and

threaten the very existence of the J-1 Program, which has been in place for nearly 60 years and benefitted millions of participants.

For the reasons addressed in Defendants' Motion to Dismiss and in this reply, Claims I and II should be dismissed.

## ARGUMENT

I.   **PLAINTIFFS' FLSA CLAIM SHOULD BE DISMISSED BECAUSE IT LACKS AN ADEQUATE REGULATORY BASIS.**

Plaintiffs seek to impose on Defendants a "heightened burden" of proof that is inapplicable here by accusing Defendants of asking the Court to imply an FLSA "exemption" to avoid paying J-1 interns' costs for travel, recruiting, and visas.  (Opp. at 16.)  Defendants do not deny that Plaintiffs are generally subject to the FLSA's minimum wage requirements, and, thus, are not seeking an "exemption."[1]  Rather, Defendants contend that Plaintiffs have failed to allege any cognizable regulatory basis under which J-1 visa holders' travel, recruiting, and visa costs could plausibly be "primarily for the benefit of" Grand America and Sinclair or otherwise be reimbursable under the FLSA.  Plaintiffs' FLSA claim should be denied because a determination of whether an expense is primarily for the benefit of an employer or otherwise reimbursable under FLSA depends on the applicability of relevant regulations (or lack thereof).  *See Wass v. NPC Int'l, Inc.*, 688 F. Supp. 2d 1282 (D. Kan. 2010) (discussed below); *Villanueva-Bazaldua v. TruGreen Ltd. Partners*, 479 F. Supp. 2d 411, 417–18 (D. Del. 2007); *Castellanos-Contreras v.*

---

[1] Plaintiffs' reliance on *Jatupornchaisri v. Wyndham Vacation Ownership, Inc.*, No. 6:12-CV-59-ORL-31GJK, 2012 WL 1600435 (M.D. Fla. May 7, 2012) is misplaced for this reason.  Unlike the plaintiffs in *Wyndham*, Plaintiffs do not assert that they are non-employees who "fall outside the purview of FLSA," *id.* at *2.

*Decatur Hotels, LLC*, 622 F.3d 393, 400–03 (5th Cir. 2010).  Here, Plaintiffs cannot point to a single regulation, of the DOL or otherwise, that provides an adequate legal basis for requiring the reimbursement of the expenses at issue.  Moreover, the guidance provided by the State Department to J-1 participants clearly provides that fees will be charged by sponsors and that those fees vary.  The same guidance also provides that the wages paid by an employer "may not cover all of their expenses", a warning that would be unnecessary if all of the expenses of the program were required to be reimbursed by the employer as wages.  (See Motion to Dismiss at 9-10.)

Plaintiffs take the position that they have alleged facts establishing that Plaintiffs' recruiting, visa, and travel costs were primarily for the benefit of defendants.  (Opp. at 11.)  But no facts that Plaintiffs have alleged, or could plausibly allege, can overcome the fundamental lack of regulatory basis for reimbursing those expenses in the context of the J-1 worker program.  Tellingly, the regulation on which Plaintiffs rely to support their claim is 29 C.F.R. § 503.16.  Yet, even Plaintiffs recognize that this is a H-2B regulation.  (FAC ¶ 5.29 ("Had Defendants used the H-2B visa program rather than the J-1 internship program, they could not have charged—or permitted their recruiters to charge—Recruiting Fees or Visa Fees, because charging such fees is prohibited by law, including by 29 C.F.R. § 503.16"); *see also* ¶¶ 5.30, 5.59, 5.84, 5.113, 5.137).  The applicable regulations' silence as to the issue of reimbursement of recruiting fees, visa costs, or transportation costs in connection with J-1 visas "is deafening" given the presence of such requirements in regulations governing other visa programs.  *See Castellanos-Contreras*, 622 F.3d at 400.

A court may evaluate an expense reimbursement claim as a matter of law based on the applicability (or lack thereof) of any regulations that address reimbursement of those expenses in the relevant context. *See Wass*; *Castellanos-Contreras*. For example, in *Wass*, the Court granted defendant's motion for judgment on the pleadings dismissing plaintiffs' FLSA claim based on defendant's alleged failure to properly reimburse pizza delivery drivers for the actual amount of certain vehicle-related expenses rather than an approximation of the expenses, where a specific DOL regulation expressly allowed an employer to make merely a reasonable approximation of those expenses. *Id.* at 1285–86. Similarly, in *Castellanos*, the Court concluded, as a matter of law, that an H-2B worker's inbound travel and visa expenses were not reimbursable, due to the lack of any statute or regulation that expressly stated that inbound travel expenses must be advanced or reimbursed by an employer of an H–2B worker. *Castellanos* at 400–03. *See also Villanueva-Bazaldua v. TruGreen Ltd. Partners*, 479 F. Supp. 2d 411, 413 (D. Del. 2007) (denying motion for class certification brought by H-2B visa holder due, in part, to "the absence of an H–2B regulation that provides the legal obligation for the violations alleged or an authoritative case").

In support of their position that a J-1 intern's travel, recruiting, and visa expenses should be reimbursed, Plaintiffs rely primarily on an Eleventh Circuit opinion, *Arriaga v. Fla. Pac. Farms, L.L.C.*, 305 F.3d 1228 (11th Cir. 2002). (Opp. at 12–14.) But *Arriaga* is not binding precedent in District of Utah. Even its persuasive value is minimal. Unlike Plaintiffs, who are J-1 visa holders, the plaintiffs in *Arriaga* held visas under the H-2A visa program. *Id.* at 1244. Additionally, though even the court in *Arriaga* recognized that a determination of whether a cost is primarily for the benefit of the employer "begins with the DOL regulations," *id.* at 1237, the

court problematically held that travel and visa costs could be reimbursed even in the absence of a

regulation that expressly addressed whether workers could be for reimbursed for those specific

costs in the context of the H-2A program.  *Id.* at 1241–46.

Other courts—especially those outside of the Eleventh Circuit—have declined to follow

the *Arriaga* court's approach and have restricted reimbursement of workers' travel and

immigration-related expenses in the absence of a statute or regulation expressly requiring

reimbursement of such expenses in the context of the specific guest worker program at issue.

*See, e.g.*, *Castellanos-Contreras v. Decatur Hotels, LLC*, 622 F.3d 393, 400–03 (5th Cir. 2010)

(concluding that a H-2B worker's inbound travel, visa, and recruitment expenses were not

reimbursable in the absence of a statute or regulation that expressly required otherwise);

*Villanueva-Bazaldua v. TruGreen Ltd. Partners*, 479 F. Supp. 2d 411, 417–18 (D. Del. 2007)

(denying motion for class certification brought by H-2B visa holder "[i]n the absence of an H–

2B regulation that provides the legal obligation for the violations alleged or an authoritative

case" and finding *Arriaga* inapplicable because *Arriaga* was decided in context of the H-2A

program); *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 898–99 (9th Cir. 2013) (concluding

that employer had to reimburse H-2A workers during the first week of work for certain inbound

travel and immigration expenses—but only after relying on language in regulatory preamble that

specifically provided for reimbursement of travel/immigration related expenses for H-2B

workers and that stated that the same analysis should apply in the context of the H-2A program).

The Court should exercise restraint and decline to create a new reimbursement rule for J-

1 workers that neither Congress nor the DOL have chosen to implement, which would affect

multitudes of employers and workers nationwide.  Plaintiffs' claim fails as a matter of law and

should be dismissed.

## II.   PLAINTIFFS' RICO CLAIM SHOULD BE DISMISSED BECAUSE IT IS PREEMPTED BY THE FLSA.

Plaintiffs downplay the significance of FLSA preemption by asserting that it is "not

'preemption' in the typical sense," and by briefly noting that district courts are split on whether

FLSA provides the exclusive remedy for violations of the statute's provision.  But numerous

courts—including district courts in the 10th Circuit—have found that the FLSA "preempts" other

federal statutes when the FLSA supplies a more specific statutory scheme for relief.  *See, e.g.*,

*Barnett v. Pikes Peak Cmty. Coll. Police Dep't*, No. 14-CV-02820-LTB, 2015 WL 4245822, at

\*4 (D. Colo. July 14, 2015); ("Nonetheless, I agree with Defendants' contention that this

[Section 1983] claim should be dismissed on the basis that it is preempted by the FLSA");

*Valverde v. Xclusive Staffing, Inc.*, No. 16-CV-00671-RM-MJW, 2017 WL 1386351, at \*5 (D.

Colo. Feb. 23, 2017), report and recommendation adopted in part, rejected in part, No. 16-CV-

00671-RM-MJW, 2017 WL 3866769 (D. Colo. Sept. 5, 2017) ("All duplicative RICO claims are

preempted by the FLSA's comprehensive administrative scheme").  The policy reasons for this

are clear—because "allowing plaintiffs to pursue a civil RICO claim grounded in the same facts

as plaintiffs' FLSA claim would, essentially, create a new private right of action that would

allow plaintiffs to seek treble damages—instead of merely seeking unpaid wages and liquidated

damages . . ." *DeSilva v. N. Shore-Long Island Jewish Health Sys., Inc.*, 770 F. Supp. 2d 497,

515 (E.D.N.Y. 2011).  At their essence, Plaintiffs' allegations much like the allegations at issue

in *Valverde*, *DeSilva*, and *Choimbol*[2] seek a remedy for an alleged FLSA violation not provided

for by the FLSA.

Plaintiffs' Opposition incorrectly contends that Defendants have ignored the "but for"

preemption test.  In fact, Defendants' motion unambiguously asserts that the RICO claim should

be denied because "at its essence," it "stems from the[] FLSA claim," and the allegedly

actionable conduct would not have occurred "but for the [alleged] proscriptions of FLSA."

(Mot. at 14–15 (citing cases).)  That "but for" analysis necessarily requires examining the extent

to which the FLSA and RICO claims are duplicative.  (Mot. at 14 (citing cases).)  *See also*, *e.g.*,

*Eldred v. Comforce Corp.*, 2010 WL 812698, at *10 (N.D.N.Y. Mar. 2, 2010) ("Moreover, much

of what Plaintiffs allege is duplicative of their claims under the FLSA"); *Choimbol v. Fairfield*

*Resorts, Inc.*, No. 2:05CV463, 2006 WL 2631791, at *5 (E.D. Va. Sept. 11, 2006) ("In light of

Congress' intent to provide a comprehensive remedial scheme under the FLSA as previously

noted, district courts examining the issue of preemption have repeatedly focused on whether the

factual basis for claims essentially duplicate or are equivalent to the plaintiffs' respective FLSA

claims").

---

[2] (*See* Mot. at 14.)  The facts in *Choimbol* are especially analogous.  In *Choimbol*, the plaintiffs
brought FLSA and RICO claims that arose from defendants' alleged misclassification of
employees as contractors/subcontractors and failure to pay overtime which resulted, at least in
part, due to the misclassification.  *Choimbol v. Fairfield Resorts, Inc.*, No. 2:05CV463, 2006 WL
2631791, at *2 (E.D. Va. Sept. 11, 2006).  Similarly, Plaintiffs essentially argue that they were
"misclassified" as J-1 interns instead of H-2B workers, alleging that Defendants improperly
avoided paying travel costs, recruiting costs, and visa costs that they otherwise would have paid
if Plaintiffs were hired as H-2B workers rather than J-1 interns.  (*See* FAC at ¶¶ 5.28–5.31, 5.58–
5.60, 5.83–5.85, 5.112–5.114, 5.136–5.138, 5.149, 5.154, 5.182, 6.7.)

Plaintiffs' Opposition downplays the redundancy of the FLSA and RICO claims and otherwise fails to recognize why the RICO allegations would not be actionable if not for Plaintiffs' alleged FLSA proscriptions.  In fact, the crux of Plaintiffs' RICO claim is an alleged "enterprise" that purportedly was "formed for the purpose of inducing the State Department to issue visas to the J-1 visa interns and then benefiting from that conduct during the course of the employment of Plaintiffs and those similarly situated by, among other things, employing Plaintiffs as low-wage [J-1] workers without having to pay the Travel Costs, Recruiting Fees, and higher Visa Fees associated with H-2B workers."  (FAC ¶ 5.149; *see also id.* ¶¶ 5.154 & 5.182.)

As Plaintiffs acknowledge, whether Defendants had to pay travel costs, recruiting fees, and higher visa fees associated with H-2B workers is a function of an employer's FLSA minimum wage requirements.  (*See, e.g.*, FAC ¶¶ 1.10, 6.3)  This is apparent from Plaintiffs' repeated allegations that Defendants improperly avoided paying travel costs, recruiting costs, and visa costs that they otherwise would have paid if Plaintiffs were hired as H-2B workers rather than J-1 interns.  (*See* FAC at ¶¶ 5.28–5.31, 5.58–5.60, 5.83–5.85, 5.112–5.114, 5.136–5.138, 5.149, 5.154, 5.182, 6.7.)  Put differently, if the FLSA did not exist and did not (according to Plaintiffs) require reimbursement of travel costs, recruiting fees, and higher visa fees, Plaintiffs' allegations of the underlying alleged "enterprise" and schemes would likewise fail, since the alleged purpose of the enterprise was to misclassify guest workers in an effort to skirt reimbursement requirements under FLSA.  Thus, Plaintiffs' RICO claim fails as a matter of law—particularly under the heightened scrutiny afforded to fraud-based RICO claims.  *See, e.g.*, *Cayman Expl. Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1362 (10th Cir. 1989) ("we

9

believe that the threat of treble damages and injury to reputation which attend RICO actions

[which] justify requiring [a] plaintiff to frame its pleadings in such a way that will give the

defendant, and the trial court, clear notice of the factual basis of the predicate acts").

Plaintiffs' RICO claim should also be dismissed.

### III.   CONCLUSION

For the foregoing reasons, the Court should grant Defendants' Motion and dismiss

Claims I and II.

DATED this the 20th day of December 2019.

KUNZLER BEAN & ADAMSON, PC

/s/_____
Matthew R. Lewis
R. Jeremy Adamson
Megan J. Nelson

*Attorneys for Defendant Grand America Hotels &
Resorts, Inc. and Sinclair Services Company*

## CERTIFICATE OF SERVICE

On this 20th day of December, 2019, the undersigned hereby certifies that a true and

correct copy of the foregoing **REPLY IN SUPPORT OF DEFENDANTS' MOTION TO**

**DISMISS CLAIMS I AND II OF PLAINTIFFS' FIRST AMENDED COMPLAINT** was

filed with the Clerk of the Court using the CM/ECF system, which sent notifications of such

filing to the following:

P. Alex McBean
Alex McBean Law Office
P.O. Box 1726
Bountiful, Utah 84011
Mcbean04@gmail.com
-and-
Alexander N. Hood
Towards Justice
1410 High Street, Ste 300
Denver, CO 80218
alex@towardsjustice.org
-and-
Erika L. Nusser
Beth E. Terrell
Terrell Marshall Law Group
936 N 34th Street, Ste 300
Seattle, WA 98103
enusser@terrellmarshall.com

*Attorneys for Plaintiffs*

/s/ Allie Orr
Allie Orr